HINKLE, APPELLEE, *v.* SHERWOOD PRODUCTS, INC., APPELLANT.

(No. 83 CA 6—Decided December 9, 1983.)

*Messrs. Freed, Deweese & Virzi* and *Mr. Frank S. Virzi,* for appellee.
*Mr. Joel Shapiro,* for appellant.

BROGAN, P.J. The plaintiff, Steven Hinkle, was employed first by Sherwood Products, Inc. ("Sherwood"), then later by the Sun Recycle and Refining Corp. ("Sun"). Throughout his employment with these two enterprises, certain monies were deducted from his weekly salary by these corporations for the purpose of providing group medical insurance. Originally, coverage was provided by the Crown Life Insurance Co. ("Crown") until it was terminated due to Sherwood's failure to pay its premiums. Coverage was later obtained through the John Alden Life Insurance Co. ("John Alden") until that too was terminated due to both Sherwood's, and later, Sun's failures to maintain payment of the premiums.

During his tenure with Sherwood the plaintiff's wife became pregnant, thereby requiring medical treatment and hospitalization for herself and the newborn child. Plaintiff incurred further medical and hospital expenses subsequent to his wife's pregnancy while still employed by Sherwood or Sun. Plaintiff contends that the corporations' failures to maintain the coverage resulted in expenses to the plaintiff for which he would have otherwise been indemnified.

Plaintiff further alleged in his petition for relief that the corporate officers of the above-named corporations are personally liable for these expenses pursuant to R.C. 1701.93. Hinkle asserted that defendants Dewayne Smith and E. Duane Heck, as officers of Sherwood, are personally responsible for knowingly making or causing to be made with the intent to deceive, false entries on the corporation's records, to wit, provision of medical insurance. Plaintiff also seeks to hold these parties, as well as defendant Ralph Welbaum, personally liable for the same wrongdoings with the records of Sun during his employment therewith.

In November 1982 a bench trial was held in the Court of Common Pleas of Miami County. At the commencement of

the proceedings the trial judge denied plaintiff's request for a jury trial. The judge further denied plaintiff's motion for default judgment against Heck, a named defendant, who neither answered nor appeared in this matter. Per judgment dated February 16, 1983, the court found (1) for the plaintiff as against defendants, Dewayne Smith and Sherwood, in the sum of $3,692.60; (2) for plaintiff as against defendants Dewayne Smith and Sun in the amount of $1,133.29; and (3) for plaintiff as against Sun in the sum of $258.75. The trial judge dismissed Ralph Welbaum as a party defendant.

From this judgment, Smith timely filed an appeal to this court setting forth six assignments of error. Plaintiff timely filed a cross-appeal alleging as error the trial court's failure to grant default judgment as against defendant Heck and to further grant his request for trial by jury.

Appellant Smith's second and fifth assignments of error raise similar issues and will therefore be treated together. He maintains in these assignments that:

"The court erred in granting judgment against defendant Smith as an individual based on Section 1701.93 as a matter of law.

"The court erred in determining that defendant Smith was legally obligated to the plaintiff as a matter of law for the reason that there was no testimony that he committed any act which proximately caused the damages (if any) to Hinkle."

R.C. 1701.93 provides:

"(A) No *officer,* director, employee, or agent of a corporation shall, *either alone or with another or others,* with intent to deceive:

"(1) *Make,* issue, deliver, transmit by mail, or publish any prospectus, report, circular, certificate, *statement,* balance sheet, * * * assets, liabilities, capital, *business* dividends, earnings, or accounts of a corporation, which is false in any material respect, knowing such statement to be false;

"(2) Having charge of any books, minutes, *records,* or accounts of a corporation, make therein *any entry which is false in any material respect,* knowing such entry to be false, or remove, erase, alter, or cancel any entry therein, knowing that the entries resulting therefrom will be false.

"(B) Whoever violates this section shall be *personally liable,* jointly and severally, with all other persons participating with him in any such act, to *any person for any damage actually suffered and proximately resulting from such act.*

"(C) No action to enforce a liability under this section shall be brought after four years from the time of the act complained of.

"(D) Remedies under this section are not exclusive of other remedies at common law or under other statutes." (Emphasis added.)

Appellant argues that this provision applies merely to security-type matters of a corporation and as such does not cover claims of its employees against the corporation or its officers. We cannot agree.

Subsection (A)(2) indicates that the statute encompasses the knowing wrongful acts of a corporate officer who has charge over any books, records, or accounts of a corporation. In the case *sub judice,* plaintiff maintains defendant Smith knowingly caused a false entry indicating insurance coverage on both his pay stubs as well as his time cards. These cards are records of the corporation and as such are covered by the language in R.C. 1701.93(A)(2). Subsection (B) further indicates this provision imposes personal liability on the wrongdoer as against *any person* who has actually or proximately suffered damage therefrom. We are of the opinion the broad nature of this term encompasses aggrieved employees.

The substance of appellants' remaining objection to the trial court's ruling as regards these two assignments of error challenges the sufficiency of evidence to support the finding in favor of the plaintiff. In March 1980, Smith took over as

president of Sherwood. Prior to that time, Heck was the corporate president while Smith held the office of secretary. Smith maintains Heck was in charge of paying the bills up to March 1980 and as the Crown coverage lapsed prior to this time, no personal liability can be imposed upon him (Smith).

Diane Baker testified she was a secretary for Sherwood during this time period. She stated both she, and Glen Hoes, an agent from Crown, notified the defendant of the impending maternity claim and the status of the insurance coverage at a meeting in March 1980. She further testified that an option was presented to Smith whereby, if the corporation were to pay its arrearages on the premium payments, coverage would be restored. She claims Smith stated he would take care of it. Hoes also testified at trial. His testimony fully corroborated that of Baker's, including the discussion regarding the restoration of insurance coverage. The record further reflects that deductions continued to be made from the plaintiff's weekly paycheck following March 1980. The premiums, however, were never paid, resulting in the absolute termination of medical benefits under Crown. At this time Smith was running the operations including the preparation and distribution of payroll.

Given these circumstances we conclude the trial court did not err in finding personal liability as against the defendant Smith. Smith was an officer at Sherwood from its inception in 1977. Although there is no direct testimony indicating he had any knowledge of the lapsed coverage and continued weekly deductions prior to March 1980, his position as corporate secretary as well as his regular attendance at the corporate meetings would permit inferences to be made therefrom that he did indeed obtain such knowledge. Defendant's further failure to rectify the insurance situation when presented with the option of doing so, and his failure to cease making weekly deductions after ascertaining the status of the insurance coverage, establishes sufficient evidence to support the trial court's judgment imposing personal liability.

Plaintiff's further claim for relief for other medical expenses of his family incurred while allegedly covered under the John Alden insurance policy were also properly attributed to Smith. Coverage under this policy was obtained in early May 1980 and terminated as of May 31, 1980 due to the corporations' respective failures to maintain sufficient premium payments in June, July and August. Again weekly deductions were made from plaintiff's paycheck during these months.

Our review of the record leads us to conclude there was sufficient evidence to support the trial court's imposition of personal liability as against Smith under R.C. 1701.93. We further hold that this provision does cover the situation before the court and therefore conclude no error was committed.

Appellants' second and fifth assignments of error are hereby overruled. * * *

The trial court's judgment against defendant-appellant Smith is hereby affirmed.

*Judgment accordingly.*

Kerns and Weber, JJ., concur.